EDWIN PETER PILIPSKI, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pilipski v. Commissioner
Docket No. 22670-91
United States Tax Court
T.C. Memo 1993-461; 1993 Tax Ct. Memo LEXIS 474; 66 T.C.M. (CCH) 984; October 4, 1993, Filed *474 Edwin Peter Pilipski, pro se. For respondent: J. Michael Melvin. DINAN
DINAN
MEMORANDUM OPINION DINAN, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined a deficiency in petitioner's Federal income tax for 1988 in the amount of $ 3,371. The issue for decision is whether petitioner has taxable income resulting from the payment pursuant to a notice of levy of the balance of his Individual Retirement Account (IRA) to the IRS to satisfy his liability for taxes pursuant to section 6672. Some of the facts have been stipulated and are so found. The stipulations of fact and attached exhibits are incorporated herein by reference. Petitioner resided in Daytona Beach, Florida, on the date the petition was filed in this case. During 1988 petitioner had an individual *475 retirement account with Templeton Funds Trust Company. The IRS had assessed a liability of $ 45,968.74 against petitioner as a responsible officer of Suncoast Kitchens, Inc. Pursuant to a notice of levy, in 1988 Templeton Funds Trust Company remitted to the IRS a check totaling $ 13,968.28 representing the balance of petitioner's IRA account. Petitioner did not directly receive any funds from his IRA. In the notice of deficiency, respondent increased petitioner's adjusted gross income by $ 13,968 to reflect an IRA distribution. Respondent contends that petitioner had a constructive receipt of income taxable under sections 408(d) and 72(e) resulting from the payment of the balance in his IRA account to the IRS pursuant to the notice of levy. Petitioner appears to contend that he is not taxable because he did not receive any funds from his IRA. Alternatively, petitioner maintains that the IRS should have credited the amount pro rata towards his 1988 income tax liability and his responsible officer liability relating to Suncoast Kitchens, Inc. Petitioner made no request or designation to the IRS as to how the money should be applied. Section 408(d) provides in relevant part *476 that any amount "distributed out of" an IRA shall be included in gross income by the distributee in the manner set forth in section 72. Section 72(e)(2) generally provides that such amounts received under annuity contracts, but not received as annuities, are included in gross income. [2] *477 We conclude that the levy of petitioner's IRA to satisfy his tax liability constituted a taxable distribution under sections 408(d) and 72(e), although petitioner did not actually receive the funds from the IRA. [3] Cf. ; . To reflect the foregoing, Decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. If the amount is received before the annuity starting date, then to the extent that the amount is allocable to the "investment in the contract", it is not included in income under sec. 72(e)(2)(B)(ii). The investment in the contract is defined in sec. 72(e)(6) as the aggregate amount of consideration paid for the contract reduced by the amount received which was previously excludable from gross income. The parties here have not introduced evidence which establishes the amount, if any, of petitioner's investment in the IRA.↩
3. Regarding petitioner's alternative argument, in , we concluded that respondent may choose the manner of crediting involuntary payments of taxes pursuant to a notice of levy. Our prior conclusion applies here.↩